UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
CHARLES A. STANZIALE, JR.,                              :
CHAPTER 7 TRUSTEE OF STUDENT
FINANCE CORPORATION                                     :

                      Plaintiff,             :    MISC. NO. M8-85

    -against-                                                 :

PEPPER HAMILTON LLP, ET AL                              :

                      Defendants.            :
-------------------------------------------------------------- x

DOC # 1

07-427

## MEMORANDUM OF LAW OF PEPPER HAMILTON LLP
## IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM
## NONPARTY MANDIANT CORPORATION

                      Kenneth R. Puhala
                      Jane H. Kauh
                      SCHNADER HARRISON SEGAL & LEWIS LLP
                      140 Broadway, Suite 3100
                      New York, New York 10005
                      (212) 973-8000

                      Of counsel:

                      Bruce P. Merenstein*
                      Stephen J. Shapiro*
                      SCHNADER HARRISON SEGAL & LEWIS LLP
                      1600 Market Street, Suite 3600
                      Philadelphia, Pennsylvania 19103
                      (215) 751-2000

                      *Attorneys for Defendants*
                      *Pepper Hamilton LLP and Roderick Gagné*

                      *Not admitted in the United States District Court for
                      the Southern District of New York

PHDATA 1413807_2

## PRELIMINARY STATEMENT/FACTUAL BACKGROUND

Pepper Hamilton LLP ("Pepper") submits this Memorandum of Law in support of its motion pursuant to FRCP 34(c), 37 and 45 to compel nonparty Mandiant Corporation, f/k/a/ Red Cliff Consulting LLC ("Mandiant"), to produce documents responsive to a Subpoena *Duces Tecum* ("Subpoena") on a date and time set by the Court. The facts relevant to a disposition of this motion are set forth in the Declaration of Stephen J. Shapiro dated December 29, 2006, ("Shapiro Decl.") and the exhibits attached thereto. The following is a brief summary of the relevant facts.

On November 17, 2006, Pepper issued a Subpoena to Mandiant in an attempt to obtain documents stored on a computer server relevant to two litigations presently pending in the United States District Court for the District of Delaware – *Stanziale v. Pepper Hamilton LLP, et al.*, No. 04-1551 (D. Del) and *Royal Indemnity Company v. Pepper Hamilton LLP, et al.*, No. 05-165 (D. Del) (collectively, the "Pepper Cases"). Shapiro Decl. ¶ 2. The Pepper Cases were initiated by Charles A. Stanziale, Jr., Chapter 7 Trustee of SFC (the "Trustee"), and Royal Indemnity Company ("Royal"), an insurer that had issued credit risk insurance policies to SFC. The Pepper Cases allege (falsely) that Pepper was "general counsel" to Student Finance Corporation ("SFC"), a former client of the Pepper law firm now in bankruptcy, and that Pepper knew or should have known that SFC was engaged in fraudulent business practices.

On information and belief, as part of the liquidation of SFC's assets, the Trustee sold the computer server (the "Server") on which the documents in questions were stored to Student Loan Servicing LLC ("SLS"), an affiliate of SFC that the Trustee neither represents nor

controls. Shapiro Decl. ¶ 4. On information and belief, SLS subsequently ceased operations. Shapiro Decl. ¶ 10.

In 2004, in connection with discovery in an adversary proceeding that the Trustee had initiated against Royal (and to which Pepper was not a party), Royal, on information and belief, hired Mandiant, a technology consulting firm, to analyze and extract certain documents from the Server. Shapiro Decl. ¶¶ 3-6. Mandiant obtained a copy of the Server for processing, and, on information and belief, retained and still possesses today a copy of the entire Server. Shapiro Decl. ¶ 6.

The Server likely contains documents highly relevant to the Pepper Cases. Because the Trustee claims that he no longer possesses the Server and because SLS is no longer in operation, Pepper took the only option remaining to it to acquire the documents on the Server; namely subpoenaing Mandiant to produce a copy of the Server. Shapiro Decl. ¶10. Mandiant, however, refused to comply with the Subpoena because of out-of-court confidentiality obligations it had undertaken when it was provided with a copy of the Server during the litigation between the Trustee and Royal. Shapiro Decl. ¶¶ 6, 11, Exhibit "B" thereto.[1]

---

[1] Mandiant's objection to the Subpoena was untimely. Pursuant to Rule 45(c)(2)(B), Mandiant was authorized to serve a written objection to the Subpoena within 14 days after service of the Subpoena. The Subpoena was served on November 21, 2006. Mandiant, therefore, was required to serve a written objection on or before December 5, 2006. Mandiant did not do so until December 11, 2006. Shapiro Decl. ¶ 11. *See Israel v. Carpenter*, 95 Civ. 2703, 2002 U.S. Dist. LEXIS 11792, at *3 (S.D.N.Y. June 28, 2002) (denying non-party's motion to quash a subpoena served upon it where non-party failed to comply with the 14 day time limitation in Rule 45(c)(2)(B)).

## ARGUMENT

1. <u>This Court Should Compel Mandiant To Comply With The Subpoena</u>

Pursuant to FRCP 34(c), 37 and 45, Mandiant should be compelled to produce documents responsive to the Subpoena on a date and time set by the Court. FRCP 34(c) ("A person not a party to the action may be compelled to produce documents and things or submit to an inspection as provided in Rule 45."); *see also Atlantic Bank of New York v. Homeowners Financial Corp.*, No. 97 Civ. 1274, 1999 U.S. Dist. LEXIS 2982, at *17 (S.D.N.Y. March 15, 1999) (nonparty witness may be compelled to turn over documents pursuant to FRCP 34(c)). A party is entitled to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." FRCP 26. Nothing in the federal rules permits Mandiant to utilize the out-of-court confidentiality agreement that it entered into with other parties (not Pepper) as an excuse to avoid complying with the Subpoena.[2]

---

[2] Although Rule 45(c)(3)(A) permits a party to move to quash or modify a subpoena that "requires disclosure of privileged or other protected matter [where] no exception or waiver applies," Mandiant did not avail itself of that procedure within the 14 days permitted. *See* note 1, *supra*. Nor could it have. First, there is no suggestion that any of the information on the Server is protected from disclosure by any privilege that belongs to Mandiant itself. Second, even assuming Mandiant could satisfy its burden of demonstrating that any documents on the Server are protected from disclosure by a privilege that belongs to some other party (and Mandiant has made no such showing), Mandiant would lack standing to invoke that privilege. *See Kuwait Inv. Auth. v. Sarrio S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) (holding that party opposing production of documents had no standing to invoke another party's attorney-client privilege).

In addition, the only party that conceivably could assert a privilege – the Trustee – has waived his right to do so. The 14 day time limit in Rule 45(c)(2)(B) applies with equal force to objections to document productions that are founded on the assertion of a privilege. *See DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 81 (2d Cir 1998) ("Rule 45 contemplates assertion of all objections to document production within 14 days, including those based on the act of production privilege."). The 14 day time limitation applies to parties that seek to quash or modify a subpoena issued to a non-party. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 412 (S.D.N.Y. 2000) (holding that party to underlying action waived objections to subpoena to a non-

- 3 -

Here, the information sought by Pepper is relevant to its defenses in the Pepper Cases and/or might lead to the discovery of admissible evidence in those matters. For example, the Trustee has alleged that Pepper was SFC's "general counsel" and therefore knew or should have known that SFC was engaging in fraudulent business practices. Discovery in the Pepper Cases, however, has demonstrated that other law firms performed substantial legal work for SFC, and the Server likely contains emails and other documents relating to that legal work. Pepper is clearly entitled to discovery of this information. The Trustee and Royal also falsely allege that Pepper was aware that SFC was engaging in fraudulent business practices. The Server may contain emails and other documents that will prove those allegations to be false.

So as to mitigate the costs that Mandiant may incur in complying with the Subpoena, Pepper will, at its own expense, provide Mandiant with an appropriate storage device onto which Mandiant can copy the data from the Server. Accordingly, Pepper requests that Mandiant be compelled to comply with the Subpoena.

---

party by failing to move to quash or modify the subpoena within 14 days of service of the subpoena). Therefore, the Trustee, who was served with a copy of the Subpoena on November 22, 2006, but who failed to file a motion to quash or modify the Subpoena within 14 days (and who has, to this day, not filed such a motion), has waived any objections to the Subpoena, including privilege objections.

## CONCLUSION

For the reasons set forth above, Pepper respectfully requests that this Court grant the Motion in its entirety and grant any other relief that it deems just and proper.

Dated: New York, New York
December 29, 2006

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
Kenneth R. Puhala (KP-8104)
Jane H. Kauh (JK-9298)
140 Broadway, Suite 3100
New York, New York 10005-1101
(212) 973-8000

Of counsel:

Bruce P. Merenstein*
Stephen J. Shapiro*
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000

*Attorneys for Defendants Pepper Hamilton LLP and W. Roderick Gagné*

*Not admitted in the United States District Court for the Southern District of New York