DOC # 22 ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION | : | 07-427- |
| Plaintiff, | : | MISC. NO. M8-85 |
| -against- | : | |
| PEPPER HAMILTON LLP, ET AL | : | |
| Defendants. | : | |

---

2007 JAN 12 PM 2:37
S.D. OF N.Y.

# REPLY MEMORANDUM OF LAW OF PEPPER HAMILTON LLP IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM NONPARTY MANDIANT CORPORATION

Kenneth R. Puhala
Jane H. Kauh
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8000

Of counsel:

Bruce P. Merenstein*
Stephen J. Shapiro*
David M. Pelletier*
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000

*Attorneys for Defendants*
*Pepper Hamilton LLP and Roderick Gagné*

*Not admitted in the United States District Court for the Southern District of New York

1/12/07 #34 1002601

**PRELIMINARY STATEMENT**

In their responses to Pepper's motion to compel Mandiant to comply with a subpoena *duces tecum* served upon it, the Trustee, Royal and Mandiant concede that Pepper is entitled to a vast majority of the e-mails on the Server that Pepper subpoenaed. Neither the Trustee, nor Royal nor Mandiant suggest that the emails on the Server, in their entirety, are not readily accessible. Rather, the Trustee contends that some as-of-yet unidentified subset of the emails on the server may contain attorney-client privileged communications between the Trustee and his counsel. Instead of agreeing to conduct a privilege review of the Server to identify and remove any documents that may be privileged, the Trustee argues that Pepper should be prohibited from obtaining the non-privileged emails unless Pepper agrees to the "simple solution" of paying between $35,000 and $50,000 to do the Trustee's privilege review for him.

In addition to its patent absurdity, the Trustee's argument fails for numerous additional reasons: (1) the Trustee has failed to satisfy his burden of establishing that the documents requested by Pepper are in fact privileged; (2) the Trustee has waived his right to object to the subpoena; (3) the Trustee has waived any supposed privilege with respect to the documents on the Server; (4) the Federal Rules of Civil Procedure provide a "clawback" mechanism that is designed to address this very situation; and (5) the documents on the Server apparently are readily accessible.

## ARGUMENT

### I. THE TRUSTEE HAS NOT ESTABLISHED THAT THE DOCUMENTS REQUESTED BY PEPPER ARE PRIVILEGED.

The attorney-client privilege only protects from disclosure confidential communications between an attorney and his client made for the purposes of providing or obtaining legal advice. *See Pritchard v. County of Erie*, No. 06-2459, 2007 U.S. App. LEXIS 26, at *9 (2d Cir. Jan. 3, 2007). "The burden of establishing the attorney-client privilege, in all its elements, always rests upon the person asserting it." *United States v. Schwimmer*, 892 F.2d 237, 244 (2d Cir. 1989); *see also Pritchard*, 2007 U.S. App. LEXIS 26, at *10. The Trustee has failed to meet his burden.

The Trustee has not established which (if any) of the documents on the Server are protected from the disclosure by the attorney-client privilege. Indeed, the Trustee never has conducted a privilege review of the documents on the Server and has not produced a privilege log. Instead, the Trustee proposes that Mandiant (at Pepper's expense) filter out all documents that post-date September 29, 2003. Such a filter would exclude documents that are not communications between the Trustee and his counsel and would exclude communications between the Trustee and his counsel that were not made for the purpose of providing or obtaining legal advice.[1] The *only* way for the Trustee to have met his burden of establishing which (if any) of the documents requested by Pepper are protected by a privilege would have been for the Trustee to actually review the

---

1 The Trustee's alternate proposal – that Mandiant filter out emails to or from the law firms that have represented the Trustee – is equally flawed. Such a filter would exclude emails between the Trustee and his counsel that were not made for the purpose of providing or obtaining legal advice and, therefore, that are not privileged.

documents on the Server and to identify those specific documents that are privileged. The Trustee has refused to do so. Pepper should not be denied the discovery it seeks because the Trustee refuses to comply with his discovery obligations.[2]

## II. THE TRUSTEE HAS WAIVED HIS RIGHT TO OBJECT TO PEPPER'S SUBPOENA.

Contrary to the Trustee's argument, his letters to counsel for Pepper did not preserve the Trustee's right to object to the subpoena. Federal Rule of Civil Procedure 45(c)(2)(B) provides that (emphasis added):

> ***[A] person commanded to produce and permit inspection and copying*** may, within 14 days after the service of the subpoena . . . serve upon the party or attorney designated in the subpoena written objection to the inspection and copying [and that] if objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials . . . except pursuant to an order of the court by which the subpoena was issued.[3]

Pepper served its subpoena on Mandiant, *not* on the Trustee. Therefore, the Trustee is not "a person commanded to produce and permit inspection and copying," and, as such, cannot avail himself of the provisions of Rule 45(c)(2)(B). Rather, if the Trustee wished to object to the subpoena, he was required to file a "timely motion [to] quash or modify

---

2 Perhaps not surprisingly, Mandiant also contends that Pepper should be required to pay it between $35,000 and $50,000 to protect the Trustee's supposed privilege. Like the Trustee, however, neither Royal nor Mandiant have met their burden of establishing which (if any) documents on the Server are privileged.

3 The Trustee's suggestion that Pepper is attempting to "circumvent [the] oversight" of the United States District Court for the District of Delaware, the court in which the underlying action is pending, is preposterous. Rule 45(c)(2)(B) *required* Pepper to seek an order to compel Mandiant to comply with the subpoena from this Court – "the court by which the subpoena was issued." In his opposition papers, the Trustee conveniently omitted those eight words from his quotation of Rule 45(c)(2)(B).

the subpoena." *See* Fed. R. Civ. P. 45(c)(3).[4] A motion by a party to quash or modify a non-party subpoena only is timely if it is filed within 14 days of service of the subpoena. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 412 (S.D.N.Y. 2000) (holding that party to underlying action waived objections to subpoena to a non-party by failing to move to quash or modify the subpoena within 14 days of service of the subpoena).

Counsel for Pepper served the Trustee's counsel with a copy of the subpoena on November 22, 2006. The Trustee, then, was required to file a motion to quash or modify the subpoena no later than December 6, 2006. He failed to do so. In fact, the Trustee filed nothing with this Court until he filed his opposition to Pepper's motion to compel on January 10, 2007, more than a month after his deadline for challenging the subpoena had run. Therefore, the Trustee has waived his right to object to the subpoena.[5]

## III. THE TRUSTEE HAS WAIVED ANY SUPPOSED PRIVILEGE WITH RESPECT TO THE DOCUMENTS ON THE SERVER.

Even assuming that the Trustee had met his burden of establishing which documents on the server are privileged, and even if the Trustee had not waived his right to object to the subpoena, the Trustee has waived any privilege that theoretically may

---

4 Because the Trustee could not object to the subpoena to Mandiant merely by sending letters to counsel for Pepper, the Trustee's letters to counsel for Pepper are irrelevant to the issues before the Court and, therefore, were not attached to Pepper's motion.

5 Likewise, Mandiant, Royal and SLS waived their rights to object to the subpoena. Mandiant was served with the subpoena on November 21, 2006, but did not serve its written objections within the 14 days required under Rule 45(c)(2)(B). Counsel for Royal was served with the subpoena on November 22, 2006, but did not move to quash or modify the subpoena within 14 days of service and, like the Trustee, filed nothing with the Court until it filed its opposition to Pepper's motion to compel on January 10, 2007. SLS was served with the subpoena on December 14, 2006 (*see* Waters Dec., Ex. C), but also has not moved to quash or modify the subpoena and, to date, has filed nothing with the Court, even though Pepper's counsel made counsel for Andrew Yao, the owner and/or registered agent of SLS, aware of this proceeding. *See* Letters to Edwin Goldsmith, III, Esq., attached as Ex. 1.

have protected the documents on the Server from disclosure in the past. The Trustee admits that he does not have possession of the Server. *See* Waters Dec., Ex. F. Indeed, the Trustee sold the Server at auction to SLS, a third party. By relinquishing the Server to a third party, the Trustee waived the attorney-client privilege as to any communications between the Trustee and his lawyers that were on the Server at the time of the sale or that subsequently were placed on the Server. *See von Bulow v. von Bulow*, 828 F.2d 94, 102-03 (2d Cir. 1987); *United States v. Aronoff*, 466 F. Supp. 855, 862 (S.D.N.Y. 1979) (client's disclosure to third party of attorney-client communications "eliminates whatever privilege the communication may have originally possessed").

## IV. FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(B) PROVIDES A MECHANISM TO RESOLVE THIS DISPUTE.

There is indeed a "simple solution" to the is dispute that would not require Pepper to pay tens of thousands of dollars to perform the Trustee's privilege review for him: Recently-enacted Federal Rule of Civil Procedure 26(b)(5)(B) provides a "clawback" procedure specifically designed to address this very situation. Rule 26(b)(5)(B) governs situations where the production of electronic data could lead to the inadvertent production of privileged information. The rule provides, in part, that:

> [i]f information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.

*See* Fed. R. Civ. P. 26(b)(5)(B).

Here, upon receipt of a copy of the Server from Mandiant, Pepper will make the Server available to the other parties pursuant to the parties' pre-existing cost-sharing arrangement with respect to the production of documents received from third parties. The Trustee will then have the opportunity to review those documents and make whatever notification he deems appropriate under Rule 26(b)(5)(B).

## V. THE DOCUMENTS ON THE SERVER ARE, BY ALL ACCOUNTS, READILY ACCESSIBLE.

Citing to Federal Rule of Civil Procedure 26(b)(2)(B) and *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309 (S.D.N.Y 2003), the Trustee argues that the presumption that a responding party should pay the costs associated with producing electronic data should not apply in this case and that the costs of production should be shifted to Pepper. The Trustee is wrong.

To begin with, the Trustee (and Royal) simply assumes as if it were an undeniable truth that Mandiant will have to perform the expensive filtering procedure that the Trustee envisions before producing the documents requested in Pepper's subpoena in order to protect the Trustee's supposed privilege.[6] As discussed in the previous section, the enactment of Rule 26(b)(5)(B) makes the Trustee's proposed filtering procedure unnecessary. Therefore, Mandiant will incur little if any costs in connection with the production of the documents requested in Pepper's subpoena. Indeed, Pepper already has

---

[6] Both the Trustee and Royal make much of the fact that, when some of the emails were originally extracted from the Server in 2004, Royal not only agreed to allow the filtering process, but also agreed to pay for it. The fact that Royal was unwilling to challenge the Trustee's faulty privilege assertions and voluntarily paid to perform an overbroad privilege review for him in no way obligates Pepper to follow the same ill-considered course.

agreed to provide Mandiant with a blank storage device onto which it can copy the Server.[7]

In addition, neither Rule 26(b)(2)(B) nor *Zubulake* are applicable to this case. Rule 26 provides that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as ***not reasonably accessible*** because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B) (emphasis added). In *Zubulake*, this Court held that the cost of production can be shifted to a party requesting electronic data in certain situations where the data is ***not accessible***. *See Zubulake,* 217 F.R.D. at 318.[8] Here, by contrast, the data is readily available as evidenced by the fact that Mandiant successfully extracted many of the documents on the Server in 2004. To the extent that any significant processing of the data is required, it is not in connection with the *production* of the server, but with *review* of its contents for allegedly privileged material. In short, the documents on the server are accessible, notwithstanding the Trustee's refusal to perform his own privilege review of them.

---

7 Royal notes, bizarrely, that "Mandiant cannot be compelled to produce the information in a filtered fashion, but has the option of producing them as they are maintained by Mandiant, unfiltered. Fed. R. Civ. P. 45(d)(1)(A)." Royal Opp. ¶ 10. That is precisely what Pepper has requested in its subpoena – that Mandiant produce the Servers in unfiltered form.

8 *R.J. Reynolds Tobacco v. Phillip Morris, Inc.*, No. 00-4226, 29 Fed. Appx. 880, 883, 2002 U.S. App. LEXIS 3355 (3d Cir. Feb. 28, 2002), a case cited by Royal, is similarly inapplicable. That case involved cost-shifting in connection with the *production* of documents, not with privilege review of documents.

**CONCLUSION**

For the reasons set forth above, Pepper respectfully requests that this Court grant the Motion in its entirety and grant any other relief that it deems just and proper.

Dated: New York, New York
January 12, 2007

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: [signature]

Kenneth R. Puhala (KP-8104)
Jane H. Kauh (JK-9298)
140 Broadway, Suite 3100
New York, New York 10005-1101
(212) 973-8000

Of counsel:

Bruce P. Merenstein*
Stephen J. Shapiro*
David M. Pelletier*
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000

*Attorneys for Defendants Pepper Hamilton LLP and W. Roderick Gagné*

*Not admitted in the United States District Court for the Southern District of New York

Schnader
ATTORNEYS AT LAW

1600 MARKET STREET SUITE 3600
PHILADELPHIA, PA 19103-7286
215.751.2000 FAX 215.751.2205 schnader.com

January 8, 2007

Stephen J. Shapiro
Direct Dial 215-751-2259
E-mail: sshapiro@schnader.com

**VIA HAND DELIVERY**
Edwin M. Goldsmith, III, Esquire
1635 Market Street, 19th Floor
Philadelphia, PA 19103

**RE: *Stanziale v. Pepper Hamilton LLP, et al.*,
Misc No. M8-85 (S.D.N.Y.)**

Dear Mr. Goldsmith:

We represent Pepper Hamilton LLP in the above-captioned matter. We understand that you represent Andrew Yao, the owner of Student Loan Servicing, LLC ("SLS"), and enclose for your information a copy of a motion to compel and order to show cause that may implicate the interests of SLS.

Sincerely,

Stephen Shapiro/deg

Stephen J. Shapiro
For SCHNADER HARRISON SEGAL & LEWIS LLP

Enclosure

Schnader
ATTORNEYS AT LAW

1600 MARKET STREET SUITE 3600
PHILADELPHIA, PA 19103-7286
215.751.2000 FAX 215.751.2205 schnader.com

January 10, 2007

Stephen J. Shapiro
Direct Dial 215-751-2259
E-mail: sshapiro@schnader.com

**VIA HAND DELIVERY**
Edwin M. Goldsmith, III, Esquire
1635 Market Street, 19th Floor
Philadelphia, PA 19103

**RE:** ***Stanziale v. Pepper Hamilton LLP, et al.*,**
**Misc No. M8-85 (S.D.N.Y.)**

Dear Mr. Goldsmith:

On Monday we sent you several documents relating to the above-captioned matter. The court has rescheduled the hearing on the motion to compel, per the enclosed order. The hearing will now take place on January 18, 2007, at 2:00 p.m.

Sincerely,

Stephen Shapiro/dg
Stephen J. Shapiro
For SCHNADER HARRISON SEGAL & LEWIS LLP

Enclosure

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Timothy Clancy, being duly sworn, deposes and says, deponent is not a party to this action, is over eighteen (18) years of age and resides in Monmouth County, New Jersey. That on the 12th day of January 2007, deponent served the attached REPLY MEMORANDUM OF LAW OF PEPPER HAMILTON LLP IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM NONPARTY MANDIANT CORPORATION upon:

Christopher M. Winter
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
*Counsel for McGladrey & Pullen LLP and Michael Aquino*

Tiffany Geyer Lydon
Philip Trainer, Jr.
Carolyn Shelly Hake
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
*Counsel for Royal Indemnity Company*

Karen Lee Turner
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, Delaware 19801
*Counsel for W. Roderick Gagné, Pamela Bashore Gagné, Robert L. Bast and the Trusts*

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Counsel for MBIA*

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
*Counsel for Freed Maxick & Battaglia, CPAs, PC*

Christopher A. Ward
Anthony Saccullo
Daniel K. Astin
Ashley B. Stitzer
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Counsel for Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*

Neil G. Epstein
Carol L. Press
Eckert Seamans Cherin & Mellott, LLC
2 Liberty Place
50 S. 16th Street, 22nd Floor
Philadelphia, PA 19102
*Counsel for W. Roderick Gagné, Pamela Bashore Gagné, Robert L. Bast and the Trusts*

Michael S. Waters
Lois H. Goodman
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
*Counsel for Charles A. Stanziale, Jr*

Veronica E. Rendon
Richard P. Swanson
Jason M. Butler
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
*Counsel for McGladrey & Pullen LLP and Michael Aquino*

John I. Grossbart
Alan S. Gilbert
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
*Counsel for Royal Indemnity Company*

Andre G. Castaybert
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
*Counsel for MBIA*

Steven M. Farina
Thomas H.L. Selby
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
*Counsel for McGladrey & Pullen LLP*

John H. Eickemeyer
Vedder Price Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY 10022
*Counsel for Freed Maxick & Battaglia, CPAs, PC*

by depositing a true copies of said enclosed in a postage paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Timothy Clancy

Sworn to before me this
12th day of January, 2007

Notary Public

**MICHELLE J. HOVE**
**Notary Public, State of New York**
**No. 01HO6125278**
**Qualified in Nassau County**
**Commission Expires April 11, 20 09**